UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Derrick Lamar Cheeks, ) | C/A No. 0:17-cv-02876-DCC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Alford Joyner, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1, 8. Respondent filed an Amended Motion for Summary Judgment and Return and Memorandum on February 26, 2018. ECF Nos. 32, 33. A *Roseboro* Order was entered by the Court and mailed to Petitioner, advising him of the importance of a dispositive motion and the need for Petitioner to file an adequate response. ECF No. 36. Petitioner filed a Response in Opposition to the Motion for Summary Judgment and a Supplement, Respondent filed a Reply, and Petitioner filed an Amended Response in Opposition and a Sur-Reply.[1] ECF Nos. 45, 46, 47, 49, 51.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On June 28, 2018, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment

---

[1] Respondent also filed a Motion to Strike Petitioner's Supplement, which the Magistrate Judge denied in the Report and Recommendation. ECF Nos. 48, 54.

be granted and the Petition be dismissed. ECF No. 54. Petitioner filed objections to the Report. ECF No. 56.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not

issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **DISCUSSION**

Petitioner raised eight grounds in his Petition, and the Magistrate Judge recommended granting summary judgment. Petitioner does not object to the Magistrate Judge's recommendation that summary judgement should be granted with respect to Ground Seven. The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge and finds no clear error and agrees with the Report's recommendation regarding this claim. Petitioner objects to the Magistrate Judge's recommendation with respect to the other grounds. The Magistrate Judge provided a thorough recitation of the procedural history and the relevant law, including the summary judgment standard and the habeas corpus standard of review, which the Court incorporates into this Order by reference.

### *Non-Cognizable Claim*

In Ground One, Petitioner asserted that the trial court erred by instructing the jury that actual knowledge of the presence of crack cocaine is strong evidence of a defendant's intent to control its disposition or use. ECF No. 8-4 at 1. The Magistrate Judge determined

3

that it was not cognizable on federal habeas review because this claim raised only issues of state law.  ECF No. 54 at 14–15.  Petitioner objects to the Magistrate Judge addressing claims not raised in his Petition, reiterates his assertion that the trial court's instruction was an impermissible comment on the facts, and states that the Magistrate Judge did not address his claim.  ECF No. 56 at 1–2.  The Court disagrees.

"[Q]uestions of jury instructions are matters of state law, not cognizable on federal review, unless a specific constitutional issue is implicated that calls into question the Due Process Clause."  *Alexander v. Cartledge*, No. 6:16-cv-0600-HMH-KFM, 2017 WL 770570, at *5 (D.S.C. Feb. 28, 2017) (citing *Grandison v. Corcoran*, 78 F. Supp. 2d 499, 507 (D. Md. 2000)).  Here, in his direct appeal, the Supreme Court of South Carolina agreed with Petitioner that it was error for the trial court to give the challenged instruction; however, it also found that Petitioner was not prejudiced by the error.  App. 482.  As explained by the Magistrate Judge, this is a question of state constitutional law which does not give rise to federal constitutional error.  Accordingly, the Court will not interfere with the Supreme Court of South Carolina's determination of state law, and this objection is overruled.

***Barred by* Stone**

In Grounds Two and Three, Petitioner raised issues under the Fourth Amendment.  ECF No. 8-4 at 2–3  He stated that he had a legitimate expectation of privacy in the premises searched and that the search warrant used was defective on its face because it failed to state with particularity the premises to be searched.  The Magistrate Judge found that these claims were barred by the Supreme Court's ruling in *Stone v. Powell*, 428 U.S.

4

465 (1976).[2]  ECF No. 54 at 15–16.  Petitioner objects to the Magistrate Judge's finding that he had a "full and fair" opportunity to litigate his Fourth Amendment claims in the state court and seems to object to that Magistrate Judge's decision to group these Grounds. ECF No. 56 at 2–6.

Petitioner raised these arguments at trial and on direct appeal.  App. 41–50, 479. Upon review of the record, the Court disagrees with Petitioner's argument that the state courts failed to fully consider his Fourth Amendment arguments or that they "wilfully refuse[d] to apply the correct and controlling constitutional standards," as suggested by Petitioner.  *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations, without more, are insufficient to preclude granting the summary judgment motion). Accordingly, Grounds Two and Three are barred from federal habeas review by the ruling in *Stone*, and Petitioner's objections are overruled.

**Procedurally Defaulted Claims**

*Procedural Bar*

A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b) (1).  This requires a habeas petitioner to "fairly present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997), *overruled on*

---

[2] In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at this trial."  428 U.S. at 494.

*other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir.2011). Procedural bypass, sometimes referred to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief failed to the raise the issue asserted in his habeas petition at the appropriate time in state court. Because the petitioner has no further means of raising the issue before the state courts, he is considered to have bypassed his state court remedies and is, thus, procedurally barred from raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n. 15 (4th Cir.1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground.").

### *Cause and Prejudice*

Under *Martinez v. Ryan*, 566 U.S. 1 (2012), a federal habeas court can find cause, thus excusing procedural default of an ineffective trial counsel claim, where: (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez*, 566 U.S. at 14, 17). A "substantial" ineffective trial counsel claim is one that "has some merit." *Martinez*, 566 U.S. at 14.

*Analysis*

The Magistrate Judge found that Grounds Four through Seven were procedurally barred. Thus, Petitioner has failed to "fairly present his claims to the state's highest court" and bypassed his state court remedies. *Matthews*, 105 F.3d at 911. Therefore, he is barred from raising them here unless he can show (1) cause for not complying with the state court's procedural rule and actual prejudice resulting from the alleged constitutional violation or (2) a miscarriage of justice. *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

### Ground Four

In Ground Four, Petitioner alleges that trial counsel was ineffective for failing to move for a pre-trial hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). ECF No. 8-4 at 4. The Magistrate Judge found this claim was not raised on appeal from the denial of post-conviction relief ("PCR") and was procedurally defaulted; Petitioner argued, under *Martinez*, that he could show cause to excuse the procedural bar because PCR counsel was ineffective for failing to introduce evidence to support his claim. ECF No. 54 at 18. The Magistrate determined that Petitioner could not establish the requisite cause to overcome the procedural bar. The Court agrees.

The Court need not decide whether PCR counsel's performance was deficient under *Strickland* because Petitioner cannot show a reasonable probability that, but for PCR counsel's omission, the PCR court would have granted him relief. Pursuant to *Franks* and its progeny, the Fourth Amendment requires that a hearing be held at defendant's request

only where he makes a substantial preliminary showing that the affiant included a false statement, knowingly or intentionally, or with reckless disregard for the truth, and that the challenged false statements were essential to the Court's finding of probable cause. *Franks*, at 155–156. The purpose of a *Franks* hearing is to determine whether the probable cause determination was based on intentionally false statements. *See United States v. Akinkoye*, 185 F.3d 192, 199 (4th Cir. 1999).

Here, the Magistrate Judge found that while Petitioner argued that PCR counsel should have presented evidence that statements in the search warrant affidavit were false, Petitioner failed to identify which statements were false or forecast evidence that would prove that any of the statements were false. ECF No. 54 at18. In his objections, Petitioner states that PCR counsel failed to investigate a police report from S/A Hanning which revealed that Paul Norris intentionally included false information and omitted exculpatory information in his affidavit. ECF No. 56 at 7. Petitioner seems argue that Norris's affidavit included an address in a chain of events that was not included in Hanning's police report. *Id.* Petitioner further argues that, in his affidavit, Norris left out the exculpatory information that Eric Elder's mother told him that Petitioner had purchased a phone for Elder and was always buying him clothes, giving him money, and paid to have his South Carolina Drivers License reinstated. *Id.* at 7–8.

Plaintiff's allegations fail to suggest that the affidavit contained false information and certainly do not imply that the affiant included a false statement, knowingly or intentionally, or with reckless disregard for the truth, and that the challenged false statements were

8

essential to the Court's finding of probable cause. Accordingly Petitioner fails to show that the underlying ineffective assistance claim is a substantial one; therefore, he fails to show cause to excuse the procedural bar in Ground Four. This objection is overruled.

Ground Five

In Ground Five, Petitioner asserts that trial counsel was ineffective in failing to make a pre-trial motion that the confidential informant's identity be disclosed. ECF No. 8-4 at 5. The Magistrate Judge found that this claim was procedurally barred because the PCR court did not rule on this issue, and Petitioner argued that he could overcome the procedural bar. ECF No. 54 at 19–20.

Petitioner argued that the confidential informant should have to be disclosed before trial because the confidential informant was the only witness who could have testified about the evidence used against him in the search warrant. The Magistrate Judge found that Petitioner was not tried for any of the drug activity purportedly witnessed by the confidential informant and that the State only used evidence from witnesses who testified at trial and the physical evidence recovered from the residence where law enforcement observed Petitioner manufacturing narcotics. ECF No. 54 at 20.

Petitioner objects to the Magistrate's "misstatements that Petitioner was not tried for any of the drug activity witnessed by the confidential informant and the information provided by the confidential informant only helped supply the officers with cause to establish surveillance and later obtain a search warrant, thus making the confidential informant more like a 'mere tipster' as described in Humphries." ECF No. 56 at 9.

9

In *State v. Humphries*, the Supreme Court of South Carolina held that,

> Although the State is generally privileged from revealing the name of a confidential informant, disclosure may be required when the informant's identity is relevant and helpful to the defense or is essential for a fair determination of the State's case against the accused. For instance, if the informant is an active participant in the criminal transaction and/or a material witness on the issue of guilt or innocence, disclosure of his identity may be required depending upon the facts and circumstances. On the other hand, an informant's identity need not be disclosed where he possesses only a peripheral knowledge of the crime or is a mere "tipster" who supplies a lead to law enforcement. The burden is upon the defendant to show the facts and circumstances entitling him to the disclosure.

579 S.E.2d 613, 614–15 (S.C. 2003) (internal citations omitted).

Petitioner fails to assert any allegations that call into question the reasonableness of the conclusion that the confidential informant was a "mere tipster" in his criminal case. His conclusory assertion that the confidential informant's identity should have been disclosed is insufficient to rise to the level of a plausible allegation that trial counsel had a basis upon which to seek disclosure of the confidential informant. Thus, Petitioner fails to demonstrate that the underlying ineffective assistance of counsel claim was substantial such that he can show cause to excuse the procedural bar based on PCR counsel's failure to raise this claim. This objection is overruled.

### Ground Six

In Ground Six, Petitioner asserts that trial counsel was ineffective for failing to move to quash petitioner's indictment based on selective prosecution. ECF No. 8-4 at 6. The

Magistrate Judge found that this claim was not raised in Petitioner's PCR appeal and was procedurally barred; however, Petitioner argued that he could demonstrate cause to overcome the procedural bar because PCR counsel failed to raise this issue in a Rule 59(e) motion to alter or amend the judgment. The Magistrate Judge concluded that Petitioner failed to overcome the procedural bar because PCR counsel could not have been deficient as this claim was preserved for appellate review. ECF No. 54 at 21–22. In his objections, Petitioner attempts to relitigate this issue, but does not address the merits of the Magistrate Judge's finding. The Court has reviewed this issue de novo and overrules Petitioner's objection.

***Merits***

In Ground Eight, Petitioner argues that trial counsel was ineffective in failing to object to testimony from Eric Elder and Tracy Markley that constituted impermissible prior bad act evidence. ECF No. 8-4 at 8. The Magistrate Judge addressed this claim on the merits, and she found that Petitioner was not entitled to federal habeas relief on this ground. In his objections, Petitioner argues Elder's and Markley's testimony at his trial amounted to impermissible evidence of prior bad acts.[3]  ECF No. 12–23.

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v.*

---

[3] Plaintiff makes various claims related to the facts of the case that have no bearing on the issue at hand.

*Washington*, 466 U.S. 668, 686 (1984). First, a petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687–88. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id.*

Here, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland*. App. 588–89. The PCR court found that,

> Applicant has failed to meet his burden of proving that Counsel was ineffective for failing to make a motion to exclude character and prior bad act evidence before the trial. Applicant's first complaint regarded statements elicited from Elder. When asked if he had ever been present during the manufacturing or cooking of crack cocaine, Elder answered that he had. This Court finds that Counsel was not ineffective for failing to object to this statement because it is not an example of a prior bad act by Applicant because it does not refer to Applicant. Next, when asked why he drove Cheeks' car, Elder answered that he had hoped to get free crack. This Court finds that Counsel was not ineffective for failing to object to this statement because it is part of the res gestae of the case and not a prior bad act. When the statement is read in context, the solicitor was asking Elder about what was occurring during the day in question and why he was driving the car that was later pulled over by police. Later in the trial,

> Elder was asked why he left the residence with Ricky Cheeks and he responded that it was because Applicant told him to go somewhere to get rid of something. This Court finds that Counsel was not ineffective for failing to object to this statement because it describes the res gestae of the case and explains why Elder left the house before he was pulled over by police. Lastly, Applicant took issue with Markley's statement that he met Applicant through a friend who was buying crack from Applicant.
>
> Counsel testified at the hearing that he did not object to these because he did not believe them to be objectionable and an objection would have unnecessarily drawn the jury's attention to the statements. Where counsel articulates a valid strategic reason for his action or inaction, counsel's performance should not be found ineffective. Roseboro v. State, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1996); Stokes v. State, 308 S.C. 546, 548, 419 S.E.2d 778, 778-79 (1992). Courts must be wary of second guessing counsel's trial tactics; and where counsel articulates a valid reason for employing such strategy, such conduct is not ineffective assistance of counsel. Whitehead v. State, 308 S.C. 119, 122, 417 S.E.2d 529, 531 (1992). Here, Counsel articulated a valid strategy in that he did not want to draw even more attention to the subject statements. Accordingly, this Court finds that Applicant has not demonstrated that Counsel's performance in this respect was unreasonable or that such performance prejudiced him.

App. 592–93. The PCR court's denial of the Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

13

Moreover, the record supports the PCR court's determination. At the PCR hearing, trial counsel testified that the witnesses' statements "in the grand scheme of things at the time, it would [have] been something that, that did not strike me as being extensive enough or large enough to jump and make an objections and draw more attention to it."[4] App. 557. Thus, trial counsel provided a valid strategic reason for his decision to decline to object to the witnesses' statements. *See Strickland*, 466 U.S. at 689 ("[A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." (internal citation and quotation marks omitted)). While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. *Id*. Decisions about what types of evidence to introduce "are ones of trial strategy, and attorneys have great latitude on where

---

[4] Trial counsel's testimony at the PCR hearing that in reviewing the witnesses' statements after Petitioner's conviction, he possibly should have objected does not alter trial counsel's valid strategic reason for declining to object to them at trial.

14

they can focus the jury's attention and what sort of mitigating evidence they can choose not to introduce." *Pruett v. Thompson*, 996 F.2d 1560, 1571 n. 9 (4th Cir. 1993) (citation omitted); *see also Bunch v. Thompson*, 949 F.2d 1354, 1364 (4th Cir. 1991). Thus, the petitioner has failed to establish that the PCR court's decision was contrary to or an unreasonable application of applicable Supreme Court precedent, and, accordingly, summary judgment is appropriate with respect to this ground.

## CONCLUSION

The Court ADOPTS the Magistrate Judge's Report and Recommendation [54], as the order of this Court. Accordingly, Respondent's Amended Motion for Summary Judgment [33] is **GRANTED**.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the

legal standard for the issuance of a certificate of appealability has not been met.

Therefore, a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED**.

                                                                           s/ Donald C. Coggins, Jr.
                                                                           United States District Judge

August 8, 2018
Spartanburg, South Carolina