UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Derrick Lamar Cheeks, ) | C/A No. 0:17-cv-02876-DCC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Alford Joyner, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This is a habeas corpus action brought under 28 U.S.C. § 2254. Pending before the Court are Petitioner's motion to alter or amend the Court's Order, ECF No. 62, adopting the Report and Recommendation of the United States Magistrate Judge, ECF No. 59, and Petitioner's motions to compel, ECF Nos. 64, 65, 66. Also included in Petitioner's motion is a request for a certificate of appealability. *Id*. Respondent filed a response in opposition to the motions to compel. ECF No. 67. Having carefully considered the motions, the response, the record, and the applicable law, it is the judgment of the Court that Petitioner's motion and his request for a certificate of appealability are denied and the motions to compel are moot.

## **BACKGROUND**

United States Magistrate Judge Paige J. Gossett issued a Report recommending Respondents' amended motion for summary judgment be granted and the petition be denied. ECF No. 54. Petitioner filed objections, ECF No. 56. On August 8, 2018, this Court entered an Order overruling Petitioner's objections, adopting the Report, granting Respondent's motion for summary judgment, and denying the petition. ECF No. 59.

Petitioner timely filed his motion under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's Order adopting the Report and his request for a certificate of appealability. ECF No. 62.

## APPLICABLE LAW

There are only three limited bases for a district court to grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082 (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For a court to issue a certificate of appealability, "the applicant [must] ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has decided the constitutional claims on the merits, a

certificate of appealability should issue where "petitioner [ ] demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## DISCUSSION

### *Ground One*

In Ground One, Petitioner asserted that the trial court erred by instructing the jury that actual knowledge of the presence of crack cocaine is strong evidence of a defendant's intent to control its disposition or use. The Court found that Ground One was not cognizable on federal habeas review. ECF No. 59 at 3. In his Motion, Petitioner does not address this finding but alleges error with respect the Court's citation to another case in this district. ECF No. 62 at 2–3. The Court denies the Motion with respect to this argument.

### *Grounds Two and Three*

In Grounds Two and Three, Petitioner raised issues under the Fourth Amendment. ECF No. 8-4 at 2–3 He stated that he had a legitimate expectation of privacy in the premises searched and that the search warrant used was defective on its face because it failed to state with particularity the premises to be searched. The Court found that Grounds Two and Three were barred by *Stone v. Powell*, 528 U.S. 465 (1976). Petitioner argues that the Court erred in finding that he had a full and fair opportunity to litigate his claims in state court. ECF No. 62 at 3–7. Petitioner made essentially the same arguments in his objections to the Magistrate Judge's report. He continues to disagree with the state court's rulings, but fails to explain beyond his own conclusory allegations how the state court did

3

not have an opportunity to fully consider his claims. Accordingly, Petitioner's Motion is denied with respect to Ground Two and Three.

**Ground Four**

In Ground Four, Petitioner alleges that trial counsel was ineffective for failing to move for a pre-trial hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The Court found that Ground Four was procedurally barred from habeas review and that Petitioner failed to establish cause to excuse the procedural bar because he could not show a reasonable probability that, but for post-conviction relief ("PCR") counsel's omission, the PCR court would have granted him relief. ECF No. 59 at 7–9. Petitioner argues that he has established cause sufficient to excuse the procedural default. ECF No. 62 at 7–9. He reinterates that same argument that the warrant affidavit contained additional information that was not included in the police report; however, Petitioner fails to explain how the inclusion of thisinformation not contained in the police report makes it false in the warrant affidavit. The Motion is denied as to Ground Four.

**Ground Five**

In Ground Five, Petitioner asserts that trial counsel was ineffective in failing to make a pre-trial motion that the confidential informant's identity be disclosed. The Court found that Ground Five was procedurally defaulted and that Petitioner failed to establish cause to excuse the default because his contention that the confidential informant should have been disclosed was insufficient to rise to the level of a plausible allegation that trial counsel had a basis upon which to seek disclosure of the confidential informant. ECF No. 59 at

9–10. Petitioner disagrees with the Courts analysis but fails to provide any additional information in support of his argument. Accordingly, the Motion is denied with respect to Ground Five.

***Ground Six***

In Ground Six, Petitioner asserts that trial counsel was ineffective for failing to move to quash petitioner's indictment based on selective prosecution. The Court found that Ground Six was procedurally defaulted because it was not raised in Petitioner's PCR appeal. ECF No. 59 at 10–11. Petitioner reasserts his argument that PCR counsel erred in failing to file a motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. ECF No. 62 at 10–11. However, as explained in the Court's Order ruling on the motion for summary judgment, PCR counsel was not required to file a Rule 59(e) motion when the argument had been raised to and ruled upon by the PCR court; accordingly, the Motion is denied with respect to this argument.

***Ground Eight***

In Ground Eight, Petitioner argues that trial counsel was ineffective in failing to object to testimony from Eric Elder and Tracy Markley that constituted impermissible prior bad act evidence. The Court addressed the merits of Ground Eight and found that Petitioner failed to establish that trial counsel was ineffective for failing to object to certain testimony from Elder and Markley. ECF No. 59 at 11–15. Petitioner argues that trial counsel had a basis for moving to exclude the evidence, that the PCR court's order was clearly erroneous, and that there was a reasonable probability of a different outcome had the evidence been

excluded. Petitioner fails to assert any facts not previously before the Court; however, the Court has conducted a de novo review of this Ground and denies the Motion with respect to Ground Eight for the same reasons explained at length in its prior Order.

***Certificate of Appealability***

Finally, Petitioner objects to the Court's ruling that he is not entitled to a certificate of appealability. ECF No. 62 at 14. Petitioner fails to make a substantial showing that his constitutional right have been denied and fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Thus, the Court denies Petitioner a certificate of appealability as to his petition.

## **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, Plaintiff's Rule 59(e) motion to alter or amend the Court's Order adopting the Report [62] is **DENIED**, Petitioner's request for a certificate of appealability is **DENIED**, and Petitioner's motions to compel [64, 65, 66] are **MOOT**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

November 16, 2018
Spartanburg, South Carolina