IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Derrick Lamar Cheeks, | ) | Case No. 0:17-cv-02876-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Alford Joyner, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) or, in the alternative, for Recusal and his Motion for Issuance of Show Cause and Answer Order.  ECF Nos. 84, 90.  In its prior Order, issued August 8, 2018, the Court adopted the Report and Recommendation of the Magistrate Judge, granted the Motion for Summary Judgment, denied the Petition, and denied a certificate of appealability.  ECF No. 59.  Thereafter, Petitioner filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) and Motions to Compel.  ECF Nos. 62, 64, 65, 66.  The Court denied the Motion to Alter or Amend and found the Motions to Compel as moot.  ECF No. 69.  On December 20, 2018, Petitioner, through counsel, filed a Notice of Appeal to the Fourth Circuit.  ECF No. 72.  On September 6, 2019, the Fourth Circuit dismissed the appeal; the mandate was issued on September 30, 2019.  ECF Nos. 77, 78.

In this Court, Petitioner filed a Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) or, in the alternative, for Recusal on May 3, 2021.  ECF

No. 84.  Respondent filed a Response in Opposition, and Petitioner filed a Reply.  ECF

Nos. 87, 89.  Petitioner filed a Motion for Issuance of Show Cause and Answer Order on

May 26, 2021.  ECF No. 90.  For the reasons stated below, the Court denies Petitioner's

Motion for Reconsideration and for Recusal and finds the Motion for Issuance of Show

Cause and Answer Order as moot.[1]

**APPLICABLE LAW AND ANALYSIS**

***Rule 60(b)***

Under Rule 60(b), a court may grant relief from an adverse final judgment if the

party shows: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to move

for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party; (4) the judgement is void; (5) the

judgement has been satisfied, released or discharged; it is based on an earlier judgement

that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Under this rule,

"reconsideration of a judgment after its entry is an extraordinary remedy which should be

used sparingly."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

---

[1] The Report and Recommendation issued by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) contains a thorough recitation of the relevant factual and procedural background of this matter, which is incorporated herein by reference.  *See* ECF No. 54.

***Motion to Set Aside Judgment***

Petitioner brought this action pursuant to 28 U.S.C. § 2254. ECF No. 8. As previously stated, the Court granted the Motion for Summary Judgment, denied the Petition, and denied a certificate of appealability. ECF No. 59. In his present Motion to Set Aside Judgment, Petitioner argues that Ground One of his Petition has been misconstrued; accordingly, Ground One as he intended to present it has not been ruled upon. ECF No. 84. The Court finds that this argument has been raised throughout this action. This Court has previously considered this assertion in ruling on the Motion for Summary Judgment and the Motion to Alter or Amend Judgment. ECF Nos. 56, 59, 62, 69. The Fourth Circuit has also considered this argument in dismissing the appeal.[2] ECF No. 77. Nevertheless, out of an abundance of caution for a pro se Petitioner, the Court has considered this issue again in light of the standard articulated in Federal Rule of Civil Procedure 60(b). Upon consideration, the Court finds that Petitioner is not entitled to relief. *See Aikens v. Ingram*, 652 F.3d 496, 500–01 (4th Cir. 2011) (en banc) (holding that a motion based on Rule 60(b)(6) requires a showing of "extraordinary circumstances").

---

[2] To the extent this Motion seeks to again attack the validity of Petitioner's conviction and, therefore, must be construed as a second and successive habeas motion, this Court is without authority to rule on same absent prefiling authorization by the Fourth Circuit. *See United States of America v. King*, 827 F. App'x 312 (4th Cir. 2020).

***Motion for Recusal***

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[3]  Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality.  *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

Plaintiff alleges that the undersigned should recuse himself "due to his personal interest in the outcome of this case." ECF No. 84.  As Petitioner has not provided any additional allegations, it appears that Petitioner is requesting recusal based on the prior rulings of this Court.  However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion."  *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994).  "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism."  *Id*.  The Motion, therefore, is insufficient as a matter of law to establish any basis for recusal; accordingly, the Motion is denied.

---

[3] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

## <u>CONCLUSION</u>

Therefore, Petitioner's Motion for to Set Aside Judgment or, in the alternative, for Recusal [84] is **DENIED**.  Petitioner's Motion for Issuance of Show Cause and Answer Order [90] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 3, 2021
Spartanburg, South Carolina